IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MARGARET RAWSON, | : | Case No. 3:12-cv-166 |
| Plaintiff, | : | District Judge Walter H. Rice<br>Magistrate Judge Michael J. Newman |
| vs. | : | |
| COMMISSIONER OF<br>SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND SUPPORTED BY SUBSTANTIAL EVIDENCE, AND AFFIRMED; AND (2) THIS CASE BE CLOSED**

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Specific Errors (doc. 10), the Commissioner's Memorandum in Opposition (doc. 12), Plaintiff's Reply (doc. 13), the administrative record[2] (doc. 7), and the record as a whole.

### I. BACKGROUND

**A. Procedural History**

This case marks Plaintiff's fifth denial of disability benefits. Plaintiff applied for SSI and was found to be not "disabled" in written opinions issued by two different ALJs on September

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number. The Court notes that the administrative record was supplemented on August 9, 2013 with the complete administrative hearing transcript, which was lacking in the originally-filed record. *See* docs. 14, 15-1 at PageID 799-832.

13, 1999 and March 9, 2002.[3]  *See* PageID 62, 113.  Plaintiff acknowledged that she was denied Social Security benefits on at least two other occasions before she moved to Ohio in December 1999.  *See* PageID 116-17.

On September 14, 2007, Plaintiff filed the SSI application at issue here, alleging disability due to mental illness, diabetes, lupus and hepatitis C.  PageID 179-81, 194.  Following initial administrative denials of her application, Plaintiff received a hearing before ALJ Amelia Lombardo on April 7, 2010.  PageID 87-108.  On July 30, 2010, ALJ Lombardo issued a written decision, concluding that Plaintiff was not "disabled."  PageID 62-80.  Specifically, the ALJ's "Findings," which represent the rationale of her decision, were as follows:

1. The claimant has not engaged in substantial gainful activity since September 14, 2007, the application date (20 CFR §§ 416.971 *et seq.*);

2. The claimant has the following severe impairments: left knee pain; hepatitis C; dysthymia; major depressive disorder; history of panic disorder with agoraphobia, based on the claimant's reports; and polysubstance abuse, in remission (20 CFR § 416.920(c));

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR §§ 406.920(d), 416.925, and 416.926);

4. After careful consideration of the entire record, the [ALJ] finds that the claimant has the residual functional capacity ["RFC"] to perform light work as defined in 20 CFR § 416.967(b)[4] except that she can kneel, crouch, and crawl only occasionally.  She is limited to unskilled work that is not fast-paced.  Her work must involve no contact with the public and only minimal interpersonal contacts with supervisors and co-workers;

---

[3]Because Plaintiff produced new and material evidence documenting a significant change in her condition, ALJ Lombardo reasonably found the previous RFC determinations not to be binding under *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997) or Acquiescence Ruling 98-4(6).  PageID 62.

[4]The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 416.967.  Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.*, at § 416.967(b).

5. The claimant has no past relevant work (20 CFR § 416.965);

6. The claimant was born [in] 1962 and was 44 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR § 416.963);

7. The claimant has a limited education and is able to communicate in English (20 CFR § 416.964);

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR § 416.968);

9. Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 416.969 and 416.969(a)); [and]

10. The claimant has not been under a disability, as defined in the Social Security Act, since September 14, 2007, the date the application was filed (20 CFR § 416.920(g)).

PageID 49-64.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 51-55. *See Casey v. Sec'y of H.H.S.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal on June 4, 2012. Doc. 2.

### B. Plaintiff's Hearing Testimony

At the administrative hearing, Plaintiff testified that she has lived with a friend for the past ten years. PageID 92. Plaintiff stated that she has her driver's license, and is able to drive to doctor's appointments. PageID 93. Plaintiff testified that her friend does most of the housework, but she nevertheless is able to wash dishes, launder clothes, and prepare meals. PageID 95, 104. Plaintiff further testified that she goes to the grocery store with her friend twice per month. PageID 96.

Regarding her mental impairments, Plaintiff testified that she hears voices, and experiences visual hallucinations daily. PageID 97. Plaintiff stated that she sees unrecognizable faces in the windows of her home several times a day. PageID 97-98. She further stated that the voices tell her to kill herself, which occasionally interferes with her ability to concentrate. PageID 100. Plaintiff testified that medication helps with her difficulties concentrating. *Id*. Plaintiff also testified that she has not been hospitalized in at least the last five years. PageID 107. Nor has she attempted suicide since the date of her SSI application. *Id*.

Plaintiff stated that she uses her friend's computer to play games three or four days per week. PageID 99, 819-20. She testified that during the day she watches television, tends to her pets, and takes naps. PageID 102-03.

### C. Vocational Expert Testimony

Vocational Expert ("VE") Brian Womer also testified at the administrative hearing. PageID 828-31. The ALJ proposed a series of hypotheticals to the VE regarding Plaintiff's RFC. *Id*. Based on Plaintiff's age, education, work experience, and RFC, the VE responded that Plaintiff could not perform his past relevant work, but could nevertheless perform, in the regional economy, 5,000 jobs at the medium exertional level and 8,000 jobs at the light exertional level. *Id.*

## II. APPLICABLE LAW

### A. Substantial Evidence Standard

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-

46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. *Id.*

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Thus, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920. Although a dispositive finding at any step ends the ALJ's

review, *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing that he or she is "disabled" under the Social Security Act's definition. *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997).

### III. OPINION AND ANALYSIS[5]

As her sole assignment of error, Plaintiff argues that the ALJ erred by failing to give controlling weight to the opinion of her treating psychiatrist, Susan Songer, M.D. *See* doc. 10 at PageID 771-74. Plaintiff's argument, however, is unavailing.

While the medical opinions of treating physicians are generally entitled to greater weight than those of consulting physicians, a treating physician's conclusory statement -- that the claimant is disabled -- is not determinative of the ultimate issue. *Landsaw v. Sec'y of H.H.S.*,

---

[5]Plaintiff's pertinent medical records have been adequately summarized in her Statement of Errors and the administrative decision, *see* doc. 10 at PageID 763-74; PageID 62-79, and the Court will not repeat them here. Where applicable, the Court will identify the medical evidence relevant to its decision.

803 F.2d 211, 213 (6th Cir. 1986). Rather, a treating physician's opinion is to be given controlling weight only if it is well-supported by medically acceptable clinical and laboratory techniques, and not inconsistent with the other evidence of record. *See* 20 C.F.R. § 404.1527(c)(2); *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993). An ALJ may properly reject a treating physician's opinion that does not meet these standards. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529-31 (6th Cir. 1997).

Here, Plaintiff's argument is premised upon Dr. Songer's August 2008 mental functional capacity assessment, in which she diagnosed Plaintiff as having major depressive disorder (recurrent, severe with psychotic features); post-traumatic stress disorder; anxiety disorder; and dysthymic disorder. Doc. 10 at PageID 771-74; PageID 541-42. As part of the assessment, Dr. Songer opined that Plaintiff is "not significantly limited" in her ability to remember locations and work-like procedures; to understand and remember very short and simple instructions; to carry out very short and simple instructions; to ask simple questions or request assistance; to maintain socially appropriate behavior; to adhere to basic standards of neatness and cleanliness; and to be aware of normal hazards and take appropriate precautions. PageID 541-42. In addition, Dr. Songer opined that Plaintiff is only "moderately limited"[6] in her ability to perform activities within a schedule; to maintain regular attendance; to be punctual within customary tolerances; to sustain an ordinary routine without special supervision; to work in coordination with, or proximity to, others without being distracted by them; to make simple work-related decisions; to accept instructions and respond appropriately to criticism from supervisors; to get along with co-workers and peers without distracting them or exhibiting behavioral extremes; to respond

---

[6]"Moderate" functional limitations are not suggestive of a disability. *See Sims v. Comm'r of Soc. Sec.*, 406 F.App'x 977, 980 (6th Cir. 2011).

appropriately to changes in the work setting; and to set realistic goals and make plans independently of others. *Id*.

Dr. Songer further opined that Plaintiff is "moderately to markedly" limited in her ability to understand, remember, and carry out detailed instructions; to maintain attention and concentration for extended periods; to interact appropriately with the general public; to complete a normal workday and workweek without interruptions from psychologically-based symptoms; and to perform at a consistent pace without an unreasonable number, and length, of rest periods. *Id*. Dr. Songer found Plaintiff is "markedly limited"[7] in only one domain -- her ability to travel in unfamiliar places and use public transportation. *Id*. Dr. Songer also noted that Plaintiff "[c]ontinues to have problems with depression and anxiety," as well as auditory hallucinations and visual hallucinations "at times." *Id*. Finally, Dr. Songer opined that Plaintiff is "[n]ot able to hold a job," and is "unemployable." *Id.*

The ALJ accorded Dr. Songer's assessment "little weight," reasoning that "it is unsupported by objective findings in her treatment notes, which show that [Plaintiff's] treatment was relatively effective and that she was 'stable' on medications." PageID 78. The ALJ reasoned, "Dr. Songer's conclusions [--] that [Plaintiff] experiences moderate limitations in several areas [--] are accounted for by the [RFC] above." *Id*. Although Plaintiff argues that the ALJ should have given controlling weight to Dr. Songer's opinion, *see* doc. 10 at PageID 771-74, the ALJ appropriately considered the opinion in light of the regulations and, as such, her analysis is supported by substantial evidence.

---

[7]"Marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00(C) *et seq*.

Notably, the ALJ was not required to accept Dr. Songer's conclusion that Plaintiff is "unemployable" and thus disabled as a matter of law. *See* PageID 542. Rather, the question of whether or not a claimant is disabled is an issue reserved solely to the province of the Commissioner. *See* 20 C.F.R. § 416.927(d)(1). *See also Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

Moreover, Dr. Songer's opinion regarding Plaintiff's functional limitations -- even if wholly accepted -- does not support a claim of total disability. Tellingly, Dr. Songer did not find Plaintiff to be "extremely limited" in any domain, and found her to be "markedly limited" in only one domain -- her ability to travel in unfamiliar places and use public transportation -- which is not work-related. PageID 541. As the ALJ herself noted, the five domains which Dr. Songer found Plaintiff to be "moderately to markedly limited" were adequately accommodated by the RFC. *Cf.* PageID 69, 541. For instance, whereas Dr. Songer opined that Plaintiff is "moderately to markedly limited" in her ability to carry out detailed instructions and maintain concentration for extended periods of time, *see id.*, the RFC limits Plaintiff to unskilled work that is not fast paced. PageID 69. Likewise, the ALJ reasonably accommodated Dr. Songer's finding that Plaintiff is "moderately to markedly limited" in her ability to interact appropriately with the public, *see* PageID 541, by excluding all jobs which would require such contact. PageID 69. In addition, the ALJ appropriately found that "[t]he limitation to unskilled, low-stress work with the restrictions regarding interaction with others adequately accounts for the claimant's moderate limitations in the areas of concentration and social interaction." PageID 77.

Under the substantial evidence standard, the Commissioner's non-disability finding is "not subject to reversal merely because substantial evidence exists in the record to support a different conclusion." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1996)). It is the

Commissioner's function to resolve conflicts in the evidence, *see Hardaway v. Sec'y of H.H.S.*, 823 F.2d 922, 928 (6th Cir. 1987), and that is exactly what the ALJ reasonably did here.  The ALJ properly considered Dr. Songer's treatment notes -- which show that Plaintiff's treatment was relatively effective, and she was "stable" on medication, *see*, *e.g.*, Page ID 612 -- along with Plaintiff's daily activities, her well-documented non-compliance with medication, and her credibility (findings which are all unchallenged by Plaintiff).  *See* PageID 71-75, 77-79. *See also Bradley v. Sec'y of H.H.S.,* 862 F.2d 1224, 1227 (6th Cir. 1988) (recognizing the ALJ is "charged with the responsibility of observing the demeanor and credibility of witnesses therefore his conclusions should be highly regarded").  Additionally, the ALJ gave adequate consideration to the other evidence of record, including the opinion of state agency consultative examiner, Ty Payne, Ph.D., whom the ALJ appropriately found "apparently relied quite heavily on the claimant's subjective reports of symptoms and limitations."  PageID 74-75, 77-79.

This Court accords great deference to an ALJ's credibility assessment, particularly because the ALJ has the opportunity to observe the demeanor of a witness while testifying. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).  "Credibility is very important in disability cases due to the secondary motive of gaining benefits."  *Hlavac v. Comm'r of Soc. Sec.*, No. 1:12-CV-1438, 2013 U.S. Dist. LEXIS 11074, at *16 (N.D. Ohio Jan. 28, 2013).  *See also Peterman v. Comm'r of Soc. Sec*., No. 1:11-cv-120, 2012 U.S. Dist. LEXIS 135016, at *22 (W.D. Mich. Sept. 21, 2012) (noting "[i]t was appropriate for the ALJ to consider [the claimant's] mother's financial motives in determining what weight, if any, to give to her statement and testimony") (citing *Brown v. Commissioner*, 1 F.App'x 445, 452 (6th Cir. 2001); Foster v. Astrue, 277 F.App'x 462, 466 (5th Cir. 2008)); *Stockman v. Barnhart*, No. 02-2162, 2003 U.S. Dist. LEXIS 15567, at * 3 (E.D. Pa. August 26, 2003) (Upholding the ALJ's finding

that the claimant's mother was not credible "because of possible secondary gain, she presented her son in a light that is not in accordance with true circumstances").

Accordingly, the ALJ made no error in questioning Plaintiff's "secondary gain issues" in light of her "irregular behavior and consistent statements." PageID 75. *See also* PageID 71-74. The ALJ noted that Plaintiff did not seek mental health treatment until July 2007 -- two months before she filed the present application for SSI -- and cited a number of instances in the record where Plaintiff communicated to her medical treatment providers a desire to obtain disability benefits. *Id*. Particularly, the notes from Plaintiff's initial psychiatric evaluation with Dr. Songer on August 20, 2007 -- which occurred less than a month prior to the filing of her SSI application -- state: "[Plaintiff] will need to have her medical and psychiatric conditions assessed in order to provide some documentation for the Social Security Administration." PageID 384. Notably, the record is devoid of any mental health treatment records between the denial of benefits in 2002 and the treatment commenced immediately prior to her filing of the instant application. *See* PageID 75.

Although Plaintiff argues that the record contains evidence supporting her claim of total disability, the Court finds the ALJ's consideration of the evidence to be supported by substantial evidence. *See Nunn v. Bowen*, 828 F.2d 1140, 1144 (6th Cir. 1987). It is not the Court's role to sift through the facts and make a *de novo* determination of whether a claimant is disabled. The ALJ, not the Court, is the finder of fact. *Siterlet v. Sec'y of H.H.S.*, 823 F.2d 918, 920 (6th Cir. 1987). The ALJ reasonably undertook that role here. *Id*. Because the Commissioner's decision is supported by substantial evidence, it should be affirmed. 42 U.S.C. §405(g); *Richardson*, 402 U.S. at 401.

## IV. RECOMMENDATION

For the foregoing reasons, the Court finds the ALJ's non-disability finding supported by substantial evidence.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Commissioner's non-disability finding be found supported by substantial evidence, and **AFFIRMED**; and

2. This case be **CLOSED** on the docket of this Court.


August 20, 2013                                           **s/Michael J. Newman**
                                                          United States Magistrate Judge

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).